IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　　　Plaintiffs,<br><br>vs.<br><br>EDWARD GLEN SUMMERS,<br><br>　　　　　　　　　　Defendant. | 8:20CR22<br><br>**FINDINGS OF FACT AND CONCLUSIONS OF LAW** |

This matter is before the Court for Findings of Fact and Conclusions of Law pursuant to Federal Rule of Criminal Procedure 23(c), following a nonjury trial held on April 27, 2021. At trial, the United States was represented by Martin J. Conboy. Defendant Edward Glen Summers was represented by Mark W. Bubak.

**INDICTMENT AND PROCEDURAL HISTORY**

Summers was charged with one count of conspiracy to distribute, or possession with intent to distribute, 500 grams or more of methamphetamine, in violation of 21 U.S.C. § 846 (Count I); and use or possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A) (Count II). Indictment, Filing No. 19. The Indictment also included a forfeiture allegation against a beige 1985 Tioga Motorhome Ford Class C, belonging to Summers. *Id.*

Summers pled guilty to Count I and the Court sentenced him to 180 months incarceration followed by ten years of supervised release. The government dismissed the forfeiture allegation. The evidence at trial was limited to Count II and whether Summers used or possessed a firearm in furtherance of a drug trafficking crime.

1

## FINDINGS OF FACT

The Court makes the following findings of fact. Any finding of fact that is more properly considered a conclusion of law should be deemed as such. Unless otherwise indicated, all findings of fact relate to the time relevant to the facts alleged in the Indictment.

1. In or about July 2019, law enforcement began to investigate Summers as someone both buying and selling methamphetamine with David Short. Law enforcement used several investigative techniques, including surveillance and a controlled buy between Summers and a confidential witness.

2. On December 19, 2019, law enforcement executed a court authorized search warrant on Summers's residence, which was a trailer. Summers occupied the residence with his girlfriend, Shannon Gibilisco.

3. During the search, officers located 62 grams of pure methamphetamine, and, inside a nearby cabinet, a loaded Smith and Wesson pistol in a holster.

4. In another area of the residence, officers found two safes. In one safe was a second loaded firearm, a Ruger .380 pistol, and in the second safe, approximately $40,000 in United States currency.

## ELEMENTS

According to the Eighth Circuit Model Jury Instructions, the crime of possessing a firearm in furtherance of a drug trafficking crime in violation of 18 USC § 924(c) has two elements:

*One*, the defendant committed the crime of conspiracy to distribute and possess with intent to distribute methamphetamine (a qualifying drug trafficking), and

*Two*, the defendant knowingly possessed a firearm in furtherance of the drug conspiracy.

8th Cir. Model Jury Instruction 6.18.924C (2017), *see also United States v. Saddler*, 538 F.3d 879, 888 (8th Cir. 2008).

## BURDEN OF PROOF

The Government bears the burden of proving, beyond a reasonable doubt, each essential element of the crime charged.

## CONCLUSIONS OF LAW

The Court finds Summers not guilty of possession of a firearm in furtherance of a drug trafficking crime. While it is true that possession may be actual or constructive, "[p]roof of constructive possession requires evidence that a defendant knowingly has the power and intention to exercise control over the firearm." *Saddler*, 538 F.3d at 888. (Internal quotation and punctuation omitted). Further, to convict a defendant of possessing a firearm in furtherance of a drug trafficking crime, the factfinder "must have found a nexus between the defendant's possession of the firearm and the drug offense." *United States v. Thorpe*, 447 F.3d 565, 568 (8th Cir. 2006). "[T]he mere presence of a firearm in a home or location where drugs are sold is not itself sufficient to prove the 'in furtherance of' prong of the statute and that there must be some nexus or connection between the firearm and the drug-selling operation." *United States v. Johnson*, 916 F.3d 579, 589 (7th Cir. 2019) (internal quotation and citation omitted).

The Court finds that, other than mere proximity, the government failed to prove a nexus between Summers's drug activities and the firearms found during the search. Despite significant investigation, there was no evidence at trial that Summers used the recovered firearms during any drug transactions. He did not threaten or intimidate anyone

in furtherance of drug trafficking. Further, the average citizen has the right to own and possess a firearm for personal protection. Although Summers is prohibited from owning or possessing a firearm due to his prior felony convictions and because he was an active drug user, Gibilisco's felony status was never proved. Even if the Court presumes she too was a drug user and thereby prohibited from possessing a firearm, the question before the Court is whether the firearms were intentionally used in furtherance of the drug trafficking crime.

The Court acknowledges that firearms are an integral part of the drug trafficking business and found that the firearms were part of the sentencing considerations consistent with the advisory United States Sentencing Guidelines. The government and the record were sufficient to support a preponderance finding that the firearms were part of the criminal activity related to Summer's sentencing. However, the 924(c) charge must be proved beyond a reasonable doubt.

The Court finds that the government has not proved beyond a reasonable doubt that the recovered firearms were intentionally used by the defendant to further his illegal drug trafficking activities.

Accordingly,

IT IS ORDERED:

1. The Defendant Edward Glen Summers is not guilty of Count II of the Indictment; and

2. A separate Judgment will be entered accordingly.

Dated this 28th day of July, 2021.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge

4